[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 179)
On October 27, 1999, the defendant, Junior Achievement of Western Connecticut, Inc. (Western), moved to dismiss count two of the plaintiff's amended complaint for lack of subject matter jurisdiction. Western argued that because it had fewer than twenty employees, it was not subject to the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 et seq. In its decision dated February 23, 2000, the court found that there were insufficient facts to determine whether Western and Junior Achievement, Inc. (National) were an integrated enterprise, thereby satisfying the numerosity requirement of § 630 of the ADEA. See Duncan v. Junior Achievement, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335878 (February 23, 2000, Skolnick, J.) Accordingly, the court reserved judgment on Western's motion to dismiss until an evidentiary hearing was held. See Id.
The evidentiary hearing was held on June 6, 2000. Western offered the testimony of Charles Priddle, president of Western, and Phyllis Gustafson, a member of Western's board of directors. Western also submitted several exhibits, including its bylaws (defendant's exhibit B) and operating agreement (defendant's exhibit C). The plaintiff also testified at the hearing and submitted several exhibits, including a business plan for Junior Achievement of Connecticut prepared by National's director of operators dated February, 1991 (plaintiff's exhibit 4).
To determine whether two entities are sufficiently interrelated for an employee to hold both entities liable under the ADEA, there must be evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. See Herman v. Blockbuster Entertainment Group,18 F. Sup.2d 304, 309 (S.D.N.Y. 1998), aff'd, 182 F.3d 899 (2d Cir. CT Page 12271 1999).
The court finds that Western is a franchise of National. Pursuant to the franchise agreement and Western's bylaws, National actively participated in the management and operation of Western's office. In addition, through the promulgation of standardized policies and procedures, National exercised control over Western's finances and employment procedures. Therefore, the plaintiff has presented sufficient evidence to establish that Western and National are an integrated enterprise; see Herman v. Blockbuster Entertainment Group, supra, 309; the numerosity requirements of § 630 of the ADEA are satisfied.
Accordingly, Western's motion to dismiss count two of the amended complaint is denied.
SKOLNICK, J.